IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01229-BNB

ROSENDO HERRERA,

    Plaintiff,

v.

COLORADO DEPT. OF CORRECTIONS,
ARI ZAVARES, Executive Director,
LAWRENCE THEODOR, P.A., AVCF Physician,
PATTY BEACHCRAFT, AVCF Physician,
BEVERLY DOWIS, Medical Director, S.C.F. Sterling, and
P.A. WEBSTER, Physician, S.C.F. Sterling,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 2 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Rosendo Herrera, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Herrera initiated this action by filing *pro se* a Prisoner Complaint. On June 3, 2009, he filed an amended Prisoner Complaint. The court must construe the amended complaint liberally because Mr. Herrera is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Herrera will be ordered to file a second amended complaint.

The court has reviewed the amended complaint filed by Mr. Herrera and finds that it is deficient because Mr. Herrera fails to allege facts that demonstrate how each

of the named Defendants personally participated in the asserted constitutional violation. Mr. Herrera asserts two claims for relief in the amended complaint. His first claim is a medical malpractice claim that relates to the medical care he received while incarcerated at the Arkansas Valley Correctional Facility. The only two Defendants mentioned in connection with Mr. Herrera's first claim are Lawrence Theodor and Patty Beachcraft. Mr. Herrera's second claim is a constitutional claim of cruel and unusual punishment. Mr. Herrera alleges in support of his second claim that he has been denied proper medical attention at the Sterling Correctional Facility. However, he does not assert his second claim against any particular Defendant or Defendants. Although two of the named Defendants are identified as medical personnel at the Sterling Correctional Facility, Mr. Herrera does not set forth specific facts describing how those Defendants allegedly have violated his rights.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Herrera must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant who is a supervisory official may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, because Mr. Herrera fails to allege personal participation in connection with his constitutional claim, he will be ordered to file a second amended complaint. Mr. Herrera is advised that, in order to state a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Herrera file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Herrera, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Herrera fails to file a second amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 2nd day of July, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01229-BNB

Rosendo Herrera
Prisoner No. 120930
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/2/09

GREGORY G. LANGHAM, CLERK

By: _____
      Deputy Clerk