IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01229-BNB

ROSENDO HERRERA,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
ARISTEDES ZAVARES, Executive Director,
THEODORE LAWRENCE, Physician's Assistant,
PATTY L. BEECROFT, Physician,
BRIAN WEBSTER, Physician's Assistant,
(UNKNOWN FIRST NAME) FORTUNATO, Physician, and
BEVERLY DOWIS, Health Services Administrator,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 04 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Rosendo Herrera is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility in Sterling, Colorado. Mr. Herrera initiated this action by filing *pro se* a Prisoner Complaint. On June 3, 2009, he filed an amended Prisoner Complaint. On July 2, 2009, Magistrate Judge Craig B. Shaffer ordered Mr. Herrera to file a second amended complaint that clarifies his specific claims against each named Defendant. On October 2, 2009, after being granted two extensions of time, Mr. Herrera filed a second amended Prisoner Complaint. Mr. Herrera asserts constitutional claims pursuant to 42 U.S.C. § 1983 and he asserts supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over a state law medical malpractice claim. He seeks damages and injunctive relief.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the second amended complaint because Mr. Herrera is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(2), the Court is required to dismiss the second amended complaint, or any portion of the second amended complaint, that seeks monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the second amended complaint in part pursuant to § 1915A(b)(2).

The Court must construe the second amended complaint liberally because Mr. Herrera is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Herrera's claims in this action arise out of his contention that he has been denied necessary surgery and other appropriate medical treatment for his injured back. Mr. Herrera specifically claims that the denial of necessary and appropriate medical treatment violates his constitutional rights and constitutes medical malpractice. He asserts his constitutional and medical malpractice claims against the individuals named as Defendants. Mr. Herrera does not assert any claim against the DOC, which also is named as a Defendant.

2

The DOC will be dismissed as a Defendant in this action because Mr. Herrera fails to assert any claim against it. Furthermore, even if Mr. Herrera did assert a claim against the DOC, he may not sue the DOC in this action. The DOC, which is an agency of the State of Colorado, **see** Colo. Rev. Stat. § 24-1-128.5, is protected by Eleventh Amendment immunity. **See Will v. Michigan Dep't of State Police**, 491 U.S. 58, 66 (1989). Therefore, the DOC is immune from suit unless the State of Colorado has made an express waiver of its Eleventh Amendment immunity and consented to suit in federal court or Congress has abrogated Eleventh Amendment immunity. **See Ellis v. Univ. of Kan. Med. Ctr.**, 163 F.3d 1186, 1195-96 (10th Cir. 1998). For the state and its agencies, Eleventh Amendment immunity extends to suits for damages and injunctive relief. **See id.** at 1196.

The State of Colorado has not waived its Eleventh Amendment immunity. **See Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Furthermore, congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. **See Quern v. Jordan**, 440 U.S. 332, 340-345 (1979). Therefore, the DOC is entitled to Eleventh Amendment immunity and will be dismissed as a party to this action pursuant to § 1915A(b)(2).

The Court will not address at this time the merits of Mr. Herrera's constitutional and medical malpractice claims against the individual Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the Colorado Department of Corrections is dismissed as a party to this action pursuant to 28 U.S.C. § 1915A(b)(2). It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 4th day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01229-BNB

Rosendo Herrera
Prisoner No. 120930
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/4/09

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                Deputy Clerk