IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01229-MSK-KLM

ROSENDO HERRERA,

Plaintiff,

v.

BEVERLY DOWIS, Health Services Administrator,
ARISTEDES ZAVARES, Executive Director,
THEODORE LAWRENCE, Physician's Assistant,
PATTY L. BEECROFT, Physician,
BRIAN WEBSTER, Physician's Assistant, and
FORTUNATO, Physician

Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Request for Court-Appointed Interpreter to be Present for the Preliminary Scheduling Conference Set for April 12, 2010 at 10:30 a.m., and Any Subsequent Proceedings Requiring Party Presence** [Docket No. 40; Filed March 23, 2010] ("Motion No. 40") and **Plaintiff's Motion for Appointment of Counsel** [Docket No. 41; Filed March 23, 2010] ("Motion No. 41").

IT IS HEREBY **ORDERED** that Motion No. 40 is **DENIED**. Persons who speak "only or primarily a language other than the English language" have the right to the assistance of an interpreter "in judicial proceedings instituted *by the United States*." *See* 28 U.S.C. § 1827(b) (emphasis added). No statute exists requiring the provision of an interpreter in civil actions brought by persons who assert that they cannot communicate in English. Plaintiff

does not provide, and the Court does not locate, any case law requiring appointment of an interpreter at public expense.

IT IS FURTHER **ORDERED** that Motion No. 41 is **DENIED**. The Court does not have the power to appoint an attorney without the attorney's consent, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel. However, the Court clarifies that mere placement on this list would not automatically mean that Plaintiff would receive counsel. Rather, placement on the list results in representation being secured for Plaintiff only if counsel <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of a case on the list, a *pro se* litigant remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined

to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, all but one of Defendants have filed a Motion to Dismiss, seeking dismissal of Plaintiff's claims against them [Docket No. 33; Filed January 8, 2010], and Plaintiff has failed to respond.[1] Accordingly, it is not clear that any of Plaintiff's claims are meritorious and will survive the pending Motion to Dismiss. Plaintiff alleges that Defendants were deliberately indifferent to his medical needs, in violation of the Eighth Amendment, and that they were negligent in their administration to him of medical services. The underlying facts are not overly complex, nor are the legal issues involved.

Plaintiff's Second Amended Complaint [Docket No. 19] and subsequent filings demonstrate Plaintiff's ability to communicate facts and legal argument. Plaintiff contends that he has been able to make these filings only due to assistance from other inmates who are able to communicate in Spanish and in English. He further argues that he may lose his ability to file documents with the court if he is transferred to another facility or the inmates assisting him are transferred.

The Court concludes that under the circumstances of the instant case, Plaintiff's inability to communicate in English is not a special circumstance warranting Plaintiff's placement on the list. Although mindful of the difficulties faced by *pro se* parties and those unable to speak and write in English, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel and of an

---

[1]Defendant Beecroft did not participate in the Motion to Dismiss, nor has she answered Plaintiff's Complaint. A review of the record reveals that she was served on December 16, 2009. *See* Docket No. 32.

interpreter for non-English speakers. *See* 28 U.S.C. § 1827(b) (providing for court-appointed interpreter only in actions "instituted by the United States"); *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Here, I note that Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his inability to communicate in English. To the extent that Plaintiff feels that he cannot bear these responsibilities, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with my Orders and the Federal and Local Civil Rules. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Dated: April 5, 2010

BY THE COURT:

 s/ Kristen L. Mix
 Kristen L. Mix
 United States Magistrate Judge