IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01229-MSK-KLM

ROSENDO HERRERA,

   Plaintiff,

v.

JOSEPH FORTUNATO, and
BEVERLY DOWIS,

   Defendants.

_____

### OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Amend

Judgment **(# 76)** and Defendants' response **(# 78)** and Defendants Fortunato and Dowis' Motion

for Summary Judgment **(# 80)**, Plaintiff's response **(#87)**, and Defendants' reply **(#91)**.  Having

considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I.  Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1443.

### II.  Background

This is a civil rights lawsuit concerning medical treatment received by Plaintiff Rosendo

Herrera, an inmate of the Colorado Department of Corrections ("CDOC").  As set forth more

fully in the Opinion and Order Granting, In Part, Motion to Dismiss **(#64)**, Mr. Herrera asserted

claims in his Second Amended Complaint against various CDOC medical providers and

administrators based on the alleged inadequate treatment of his back pain.  The Court dismissed

1

the claims asserted against several of the defendants as well as Mr. Herrera's common law negligence claim.  Left pending were claims against Defendant Joseph Fortunato and Beverly Dowis for allegedly violating Mr. Herrera's Eighth Amendment right to adequate medical treatment.  In addition, the Court affirmed an order (**#40**) issued by the Magistrate Judge denying Mr. Herrera the assistance of a court-appointed interpreter at the Preliminary Scheduling Conference.

### III.   Material Facts

The Court has reviewed all of the parties' submissions.  For purposes of this Motion only, the Court construes all disputed facts most favorably to the Mr. Herrera.  Viewing the facts in such light, the material facts are as follows.

According to the Second Amended Complaint,[1] Mr. Herrera was injured in June 2003 when he fell down some stairs.  At that time, he was diagnosed by unidentified members of the medical staff at the Arapahoe County Detention Facility as having a "severe spinal injury which would require corrective surgery."  Providers at other facilities thereafter, however, disagreed with this assessment.  Mr. Herrera's claim against Dr. Fortunato and Ms. Dowis arise out of the treatment of his pain and injuries at the Sterling Correctional Facility, where he was transferred in November 2008.  Mr. Herrera alleges that Dr. Fortunato had all of Mr. Herrera's special accommodations removed as retaliation for Mr. Herrera's grievance about a physician's assistant

---

[1]Mr. Herrera resubmitted his Second Amended Complaint with a verification dated March 29, 2011 (**#89**), apparently for the purpose of turning the allegations of his complaint into a sworn statement to offer as evidence in response to the motion for summary judgment.

at the Sterling facility.[2]  Mr. Herrera states that he contacted Ms. Dowis and asked her to "intervene and instruct Dr. Fortunato . . . to reinstate his medications and return his crutches to him," as well as to authorize the surgery that had previously been recommended.

Dr. Fortunato submits a sworn affidavit in which he states that pursuant to an Accommodation Resolution dated February 4, 2009, Mr. Herrera was provided with crutches as an Americans with Disabilities Act ("ADA") accommodation.  On March 5 and 18, 2009, Mr. Herrera was given a second ADA evaluation by Gatbel Chamjock, a physician's assistant.  Mr. Chamjock noted that Mr. Herrera did not have a mobility disability and requested that Dr. Fortunato evaluate Mr. Herrera.  Dr. Fortunato performed a physical and neurological evaluation of Mr. Herrera on May 29, 2009 and determined that Mr. Herrera did not have a mobility disability.  Dr. Fortunato also observed Mr. Herrera in the medical unit's holding area and saw that Mr. Herrera walked adequately without crutches.  Dr. Fortunato determined that Mr. Herrera did not require crutches or a prescription for a muscle relaxer because he did not show evidence of back spasms.  However, because the rescreening was not yet complete, Mr. Herrera's crutches were returned to him that day.

On June 25, 2009, Dr. Fortunato met with Mr. Herrera along with two physician's assistants, a nurse, and a correctional officer acting as interpreter.  At that meeting, Dr. Fortunato informed Mr. Herrera that the screening had determined that he did not have a mobility disability and therefore would no longer receive his crutches or prior accommodations.  Mr. Herrera was told that he could file a kite if he had further medical problems.

---

[2]Mr. Herrera states that he filed his grievance against this provider on December 15, 2008.

In response, Mr. Herrera contends that video evidence from the holding area would show that he "was compelled to endure painful walkings supporting my feet with my hands with inclined/contorted movements." He offers no evidence, however, to show that Dr. Fortunato actually saw this. He also does not specifically dispute that Dr. Fortunato evaluated him or that Dr. Fortunato's involvement came at the request of another physician's assistant. Mr. Herrera contends that Dr. Fortunato's conclusion that Mr. Herrera did not have a mobility disability was in error because Mr. Herrera was later issued assistive devices, specifically crutches (as shown by a medical record dated April 13, 2010) and a walker (as shown by a CCA from Kit Carson Correction Center, apparently offered as a temporary accommodation with a start date of February 2, 2011). Finally, Mr. Herrera claims that he was unaware of the Court's order on discovery and therefore summary judgment should not be entered.

Ms. Dowis also submits a sworn affidavit in which she avers that she has no authority over mid-level providers, medical physicians, Physicians Health Partners, and/or Accommodation Resolutions. She further states that she has no authority regarding medications prescribed, treatments ordered, or durable medical equipment that has been temporarily or permanently given to inmates and has no authority to change a provider's determination regarding the need or lack of need for medical equipment. Mr. Herrera offers neither evidence nor argument to dispute Ms. Dowis's evidence regarding these material facts.

### IV.   Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and

a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law governs

what facts are material and what issues must be determined.  It also specifies the elements that

must be proved for a given claim or defense, sets the standard of proof and identifies the party

with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986);

*Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual

dispute is "genuine" and summary judgment is precluded if the evidence presented in support of

and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter

for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment

motion, a court views all evidence in the light most favorable to the non-moving party, thereby

favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir.

2002).

When the movant has the burden of proof on a claim or defense, the movant must

establish every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R.

Civ. P. 56(e).  Once the moving party has met its burden, to avoid summary judgment the

responding party must present sufficient, competent, contradictory evidence to establish a

genuine factual dispute.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th

Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).  If there is a genuine

dispute as to a material fact, a trial is required.  If there is no genuine dispute as to any material

fact, no trial is required.  The court then applies the law to the undisputed facts and enters

judgment.

When the moving party does not have the burden of proof at trial, it must point to an

absence of sufficient evidence to establish the claim or defense that the non-movant is obligated

5

to prove.  If the respondent comes forward with sufficient competent evidence to establish a

*prima facie* claim or defense, a trial is required.  If the respondent fails to produce sufficient

competent evidence to establish its claim or defense, the claim or defense must be dismissed as a

matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## V.    Analysis

### A.    Motion for Summary Judgment

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual

punishment."  It is well established that prison officials violate the Eighth Amendment if their

"deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and

wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks

omitted).  However, a claim based on "an inadvertent failure to provide adequate medical care"

or alleging "that a physician has been negligent in diagnosing or treating a medical condition"

does not state a valid claim of medical mistreatment under the Eighth Amendment.  *Kikumura v.

Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (citations omitted).  "Rather, 'a prisoner must

allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious

medical needs.'"  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle*, 429 U.S.

at 106).

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective

and subjective elements.  The objective component is met if the deprivation is "sufficiently

serious," *i.e.*, one that "has been diagnosed by a physician as mandating treatment or . . . is so

obvious that even a lay person would easily recognize the necessity for a doctor's attention."

*Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d

6

1220, 1224 (10th Cir .1999)).

The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Specifically, an official must be aware of facts from which the inference could be drawn that a substantial risk of harm exists and must also actually draw that inference. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citations omitted). "Deliberate indifference" does not require a showing of express intent to harm, rather, it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Mata*, 427 F.3d at 751. It is not sufficient for the inmate to plead facts showing a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives. *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980). Rather, the inmate must show that a defendant "prevented [him] from receiving recommended treatment" or that the defendant "denied [him] access to medical personnel capable of evaluating the need for treatment." *Id.*

Here, Dr. Fortunato does not contest, for the purposes of summary judgment, that Mr. Herrera may be able to establish that he suffered from a serious medical condition. However, he argues that Mr. Herrera cannot show that Dr. Fortunato was deliberately indifferent to any medical need; rather, Mr. Herrera can show only a disagreement regarding diagnosis and treatment. *See Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993). The Court agrees that the disputed and undisputed facts do not demonstrate that Dr. Fortunato knew of and disregarded an excessive risk to inmate health or safety. Rather, the undisputed evidence shows that Dr. Fortunato and a physician's assistant concluded, based on observation, examination, and review,

that Mr. Herrera did not appear to have a mobility disability entitling him to certain accommodations in prison.  This does not establish deliberate indifference.

Mr. Herrera's evidence does not create a genuine issue of fact in this regard.  First, Mr. Herrera's characterization of what Dr. Fortunato might have seen on a videotape is speculative and does not demonstrate that Dr. Fortunato was actually aware of Mr. Herrera's difficulties. Similarly, that other medical providers, at a later date, concluded that Mr. Herrera needed crutches or a walker does not demonstrate that at the time of the diagnosis Dr. Fortunato had actual knowledge of a substantial risk and yet took a course of action despite that risk. Therefore, Dr. Fortunato is entitled to summary judgment on this claim.[3]

As part of his response, Mr. Herrera appears to seek further discovery in order to obtain additional facts to support his claims, claiming that he "was unaware about the court's orders on discovery."  Under Rule 56(d) of the Federal Rules of Civil Procedure, the Court may defer consideration of a motion for summary judgment in order to allow time for additional discovery if a non-movant shows by affidavit or declaration that he cannot present facts essential to justify his opposition to the motion.  Fed. R. Civ. P. 56(d).  However, the only order the docket reveals

---

[3]To the extent Mr. Herrera's Eighth Amendment claim is based on his assertion that Dr. Fortunato retaliated against him for complaining about another physician's assistant, Dr. Fortunato asserts that Mr. Herrera cannot show any causal connection between the alleged complaint and Dr. Fortunato's action.  The retaliation claim was dismissed previously but the Court agrees that even if it were pending, Mr. Herrera fails to offer admissible evidence in this regard.  There is no evidence that Dr. Fortunato was even aware of Mr. Herrera's complaint. Moreover, while protected conduct closely followed by an adverse action may justify an inference of retaliatory motive, the timing of Dr. Fortunato's actions, occurring some five to six months after the alleged complaint, is not suggestive of a retaliatory motive.  *Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1179 (10th Cir. 1999) (in employment context, three-month interval between protected conduct and adverse action, standing alone, was not sufficient to establish causation).

regarding discovery is the minutes of the Scheduling Conference on April 12, 2010 (#**45**), in which Mr. Herrera appeared by telephone, with the assistance of translator/inmate, and was informed about methods of discovery, the scope and limits of discovery, and the relevant deadlines.  Mr. Herrera's conclusory statement notwithstanding, there does not appear to be any reason that Mr. Herrera could not have engaged in discovery pursuant to the Federal Rules of Civil Procedure.  Although acting *pro se*, Mr. Herrera is nonetheless obligated to comply with the various rules and procedures governing litigants and counsel and the requirements of the substantive law.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  Mr. Herrera has not shown why he was unable to obtain facts essential to justify his opposition to the defendants' motion nor cause to permit additional discovery.  Under these circumstances, the Court declines to defer ruling on the defendants' motion for summary judgment.

With respect to Ms. Dowis, Mr. Herrera offers no evidence to create a genuine issue of material fact regarding her liability.  Mr. Herrera's only claim against Ms. Dowis was that she failed to intervene in the medical decisions made by others.  Since Dr. Fortunato's actions were not unconstitutional, Ms. Dowis's failure to remedy them does not amount to a constitutional violation.  *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (to establish individual supervisory liability, a plaintiff must establish a deliberate, intentional act by a supervisor such that there is a "sufficient causal connection" between the supervisor and the constitutional violation).  Moreover, in the absence of evidence showing Ms. Dowis had the authority to act as Mr. Herrera claims she should have, summary judgment should enter in her favor.  *Id.* at 1152-53 (liability may result from personal participation, exercise of control or

9

direction, failure to supervise, or tacit authorization of the offending acts).

### B.   Motion to Amend Judgment

In his motion to amend, Mr. Herrera again argues that he was entitled to an interpreter pursuant to 28 U.S.C. § 1827, repeating the same arguments that the Court previously rejected. A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id. See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted). Mr. Herrera's reassertion of his previous arguments does not satisfy these standards.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Judgment **(# 76)** is **DENIED** and Defendants Fortunato and Dowis' Motion for Summary Judgment **(# 80)** is **GRANTED**. Judgment shall enter in favor of Defendants Fortunato and Dowis and against Plaintiff on Plaintiff's claim that these defendants violated his Eighth Amendment rights. Since no other claims remain, this case is concluded.

Dated this 16th day of August, 2011

**BY THE COURT:**

*Marcia S. Krieger*
_____

10

Marcia S. Krieger
United States District Judge